# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **Jim and Laurie Gibson,** | : | Case No.:3‹33/ex/2254; |
| as next friend of Chloe Gibson, | : | |
| | : | ODE Case No.: SE-2381-2009 |
| Plaintiffs, | : | |
| | : | Judge: 'Ej kgh'Lwf i g'Uwucp'L0F nqw |
| and | : | |
| | : | Magistrate Judge: |
| **Forest Hills Local School** | : | |
| **District Board of Education,** | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR ATTORNEY'S FEES

Virginia S. Wilson (0040466)
Trial Attorney
Jason C. Boylan (0082409)
Ohio Legal Rights Service
50 West Broad Street, Suite 1400
Columbus, Ohio  43215
Phone:  (614) 466-7264
Facsimile:  (614) 644-1888
gwilson@olrs.state.oh.us
jboylan@olrs.state.oh.us

Attorneys for Plaintiffs

**COMPLAINT FOR ATTORNEY'S FEES**

I. **PRELIMINARY STATEMENT**

1. Each paragraph in this Complaint incorporates all others.

2. Chloe Gibson ("Student"), by and through her parents and guardians, Jim and Laurie Gibson ("Parents") prevailed in a due process hearing before the Ohio Department of Education in which they litigated several issues regarding the provision of a Free and Appropriate Public Education ("FAPE") by the Forest Hills Local School District ("District") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415.

3. The Student, by and through the Parents as her next friend, now brings this action seeking reasonable attorney's fees and costs pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA") and Ohio Rev. Code § 3323.05.

II. **JURISDICTION**

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3)(B)(i).

III. **PARTIES**

5. The Student is a twenty year old student who has been identified by the District as a child with a disability entitled to a FAPE pursuant to the IDEA. The Student resides in Cincinnati, Ohio with her Parents who have obtained legal guardianship over her person and estate, which includes educational and medical decision-making.

6. Defendant Forest Hills School District Board of Education is a local educational agency organized pursuant to Ohio Rev. Code Chapter 3313 with the power to sue and be sued, and is subject to the provisions of the IDEA and Ohio law, 20 U.S.C. § 1415 *et. seq.* and Ohio Rev. Code Chapter 3323 and is, therefore, required to provide special education and related services

which assure a FAPE for all students with disabilities who are eligible for special education and who reside within the school district.

## IV. FACTS

7. Prior to and during the 2009 - 2010 school year, the Student and Parents had a number of ongoing disagreements with the Defendant District about the provision of special education and related services to the Student. In particular, the Parents asserted that the District had failed to provide the Student with a FAPE by refusing to develop an individualized education program ("IEP") that addressed the Student's unique needs, failing to consider a continuum of alternate placements and least restrictive environment, failing to provide an assistive technology/communication assessment and related services, failing to provide appropriate social and communication goals and community experiences, failing to provide appropriate transition programming and supports, vocational assessments, and functional academic skills, and refusing to teach functional academic skills.

8. On December 14, 2009, the Parents filed a request for a due process hearing before the Ohio Department of Education pursuant to 20 U.S.C. § 1415(f).

9. The Ohio Department of Education docketed the Due Process case as SE-2381-2009.

10. The Due Process Hearing took place before an Impartial Hearing Officer ("IHO") appointed by the Ohio Department of Education over twenty-six non-consecutive days, beginning May 3, 2010 and ending December 6, 2010.

11. On April 5, 2011, the IHO issued a decision finding a number of violations of FAPE over the two years prior to the filing of the due process. In particular, the IHO found that the District had denied the Student a FAPE and: (1) awarded the Student 480 hours of compensatory educational services to address the District's failure to address the Student's reading and math needs for the previous two years; (2) ordered the District to procure an augmentative communication assessment;

(3) ordered the District to develop goals, objectives, and provide related services to increase speech initiation and output; (4) ordered the District to develop measurable goals to address the Student's prompt dependency across all content areas; (5) ordered the District to develop new math goals and provide a minimum of forty minutes per day on math instruction; (6) ordered the District to provide the Student with a structured reading program, develop goals to increase reading fluency, and provide a minimum of forty minutes reading instruction per day; (7) ordered the District to revise the current IEP goals to increase the skills related to safety, purchasing skills, strength and stamina; and (8) during the course of the Due Process Hearing, found, upon the Plaintiffs' motion, that the District had not provided an age-appropriate vocational assessment and ordered that the District pay for a four week vocational assessment. *Id.*

12. Plaintiffs' counsel spent significant time in connection with the aforementioned administrative litigation including, but not limited to, reviewing voluminous records, drafting the due process complaint, filing and responding to various motions to resolve discovery disputes as well as disputes concerning the scope of the hearing, preparing multiple witnesses, including several expert witnesses who appeared for the Plaintiffs, preparing to cross-examine the witnesses on the Defendant's witness list, appearing and representing the Plaintiffs at the hearing, and drafting and filing two post-hearing briefs.

13. From September 30, 2009 through April 5, 2011, Plaintiffs have expended 2195.1 hours for a total amount of $460,699 in attorney's fees. Plaintiffs have continued to incur attorney's fees and costs after April 5, 2011, in relation to the preparation and prosecution of this action and request that they be allowed to amend their petition for fees accordingly if appropriate.

4

14. Plaintiffs' counsel has attempted to resolve this matter with counsel for Defendant prior to filing the instant Complaint, but the Defendant has refused to consider and discuss the Plaintiffs' request for reasonable attorney's fees in this matter.

## V. CAUSE OF ACTION

15. Under the IDEA, 20 U.S.C. § 1415(i)(3)(B), provides that the Court, in its discretion, may award reasonable attorney's fees as part of the costs to a prevailing party who is the parent of a child with a disability.

16. By virtue of their success in the due process hearing, the Plaintiffs are the prevailing party within the meaning of 20 U.S.C. § 1415(i)(3)(B)(i). Accordingly, the Plaintiffs are entitled to recover reasonable attorney's fees and related costs.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter Judgment in their favor and against Defendant Forest Hills School District Board of Education, to award reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(i), including reasonable attorney's fees and costs incurred in the prosecution of this action, and to award such further relief as the Court may deem just and proper.

s/ Jason C. Boylan
Virginia S. Wilson (0040466)
Trial Attorney
Jason C. Boylan (0082409)
Ohio Legal Rights Service
50 West Broad Street, Suite 1400
Columbus, Ohio 43215
Phone: (614) 466-7264
Facsimile: (614) 644-1888
gwilson@olrs.state.oh.us
jboylan@olrs.state.oh.us

Attorneys for Plaintiffs