**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Jim and Laurie Gibson,** | : | **Case No.: 1:11-CV-329** |
| **as next friend of Chloe Gibson,** | : | |
| | : | |
| **Plaintiffs,** | : | **Chief Judge Susan J. Dlott** |
| | : | |
| **vs.** | : | |
| | : | |
| **Forest Hills Local School** | : | |
| **District Board of Education,** | : | |
| | : | |
| **Defendant.** | : | |

## GIBSONS' REPLY TO RESPONSE TO MOTION TO DISMISS

The above-styled case, 1:11-CV-329, assigned to Chief Judge Dlott, was consolidated with *Forest Hills Local Sch. Dist. Bd. of Educ. v. J.G. et. al*, 1:11-cv-628 (S.D. Ohio), by order on December 5, 2011. (Doc. 17). Forest Hills Local School District Board of Education ("Forest Hills") filed Plaintiff's Response to Defendants' Motion to Dismiss on December 5, 2011, in case number 1:11-cv-628. (Doc. 6). However, case number 1:11-cv-628 was closed on December 5, 2011 as a result of the consolidation. The Gibsons' Reply to Response is a reply to Forest Hills' Response to Gibsons' Motion to Dismiss. (Doc. 6).

### ARGUMENT

Forest Hills posits several theories as to why its claims regarding reading and math compensatory education are properly before this Court. Forest Hills claims that it exhausted its administrative remedies because the issues were fully litigated and the Court is to be utilizing de novo review. Forest Hills argues that it did not need to cross-appeal the issues because the State-Level Review Officer ("SLRO") was supposed to independently review whether the Impartial Hearing Officer's ("IHO") findings were deficient regarding Chloe Gibson's Individualized

Education Program ("IEP"). These arguments are not dispositive, however, because these issues were improperly brought before the Court and the SLRO, and thus must be dismissed for failure to exhaust the administrative remedies available under the Individuals with Disabilities Education Act ("IDEA").

      **A.**      **<u>Forest Hills has not exhausted its administrative remedies because it failed to raise its challenges to the decision and findings of the IHO during the timeline for appealing those findings of facts and conclusions of law.</u>**

Forest Hills argues that it has, in fact, exhausted its administrative remedies regarding math and reading compensatory education because those issues were litigated in the due process hearing. While the parties did fully litigate those issues at the due process hearing and the IHO made findings of fact and law regarding those issues, neither party appealed those issues to the SLRO. Therefore, the decision of the IHO on those issues was finalized for both parties. Forest Hills attempted to belatedly raise a challenge to the IHO's findings by inserting them into the brief to the SLRO on the Gibsons' appealed claims. The challenge was raised eighty-five days after the time had run for bringing such challenges. Thus, it does not constitute an exhaustion of all available administrative remedies required under the IDEA.

Both parties had an equal opportunity to raise any challenges to the IHO's findings and decision through the comprehensive administrative process set forth in the Ohio Administrative Code. In Ohio, parties aggrieved by the IHO are provided an opportunity and right to appeal those decisions to the SLRO. To appeal the findings and decision of an IHO, the party aggrieved by the IHO decision must appeal in writing to the Ohio Department of Education within forty-five days of receipt of the hearing decision. Ohio Admin. Code 3301:51-05(K)(14)(b)(i). The notice of appeal "shall set forth the order appealed and the grounds of the party's appeal," and the party filing an appeal "shall notify the other party of the filing of the appeal." Ohio Admin. Code 3301:51-05(K)(14)(b)(i)(a) and (b). The Ohio Department of Education must then

"conduct an impartial review of the findings and decision appealed."  Ohio Admin. Code 3301:51-05(K)(14)(b)(ii).  The Gibsons followed the procedure and filed a timely appeal of the IHO's findings and decision.  Forest Hills did not.  Forest Hills could have appealed the IHO's findings and decision regarding reading and math within forty-five days of the IHO decision.  It did not; thus it cannot do so now by attempting to characterize its claims as a challenge to the SLRO's decision not to review its unappealed claims.

Allowing a party to ignore the process set forth in the IDEA and rules implementing the IDEA does not serve the purpose of the Act and undermines the administrative scheme available to parents and districts in Ohio.  The District Court in *Kristi H. v. Tri-Valley Sch. Dist.* provided an explanation of how the two-tiered administrative process works regarding exhaustion.  107 F. Supp. 2d 628 (M.D. Pa. 2000).  In *Kristi H.*, the parent failed to exhaust the IHO's rulings against her on claims during certain school years.  *Id.* at 631.  The district had filed an appeal to the SLRO regarding different issues during a different school year.  The parent in *Kristi H.* made a nearly identical argument to the one made by Forest Hills: regardless of whether she had appealed the IHO's decision on that issue, the SLRO was required to make an independent review of all the matters raised at the initial due process hearing.  *Id.* at 632.  The parent argued that because the SLRO had a duty to review the record in the hearing below, the exhaustion of administrative remedies requirement was met even though she had never appealed the due process decision regarding those claims.  *Id.*

The court in *Kristi H.* first concluded that the decision below was partially adverse to the parent such that she was a "party aggrieved" with the right to file an appeal under the IDEA.  *Id.*, *see also* 20 U.S.C. § 1415(i)(2); Ohio Admin. Code 3301:51-05(17)(a).  The court then held that because the parent never filed an appeal to the SLRO, nothing in the law required the SLRO to

address the issues that were not appealed because her administrative remedies had not been exhausted for those issues. *Id.* The court went on to find that because the parent had failed to exhaust her administrative appeals on those issues, she could not sustain the current civil action on those unexhausted issues.

Other state educational agencies have held that SLROs are not barred from dismissing appeals that are not filed in a timely manner, especially where the moving party has not expressly stated a valid excuse for failure to do so. *East China Sch. Dist.*, 30 IDELR 638, 30 LRP 5685 (Michigan State Educ. Agency, 1999) (attached hereto as Exhibit A), *citing Brownsburg Comm. Sch. Corp.*, 27 IDELR 1129 (Indiana State Educ. Agency, 1998) (attached hereto as Exhibit B).

Here, Forest Hills claims that the compensatory issue is properly exhausted before this Court because it raised the appeal issues in its reply brief to the Gibsons' appeal to the SLRO. Forest Hills did not claim excusable neglect or any other reasons for failing to timely appeal. Because Forest Hills chose not to timely appeal the issues it had with the IHO's decision, the same reasoning from *Kristi H.* should apply. It does not matter that Forest Hills belatedly attempted to raise its issues to the SLRO in its response brief to the Gibsons' claims. Forest Hills was aggrieved by the decision of the IHO when the IHO issued her decision because compensatory education was awarded to the Gibsons. Forest Hills waived its right to challenge those findings because it failed to file an appeal of the IHO's decision within the timeline set forth under the administrative scheme, and failed to present some legitimate reason as to why it should be excused from that requirement. The SLRO was correct in refraining from reviewing Forest Hills' "claims" that were not properly appealed by either party.

4

**B.**     <u>**Forest Hills has not proven that its claims fall within an exception to the exhaustion requirement under the IDEA.**</u>

Exceptions to the requirement for exhaustion are narrowly construed.  *Crocker v. Tennessee Secondary Sch. Athletic Assn.*, 873 F. 2d 933, 936 (6th Cir. 1989).  A party does not have to exhaust administrative remedies where doing so would be futile or inadequate.  *Honig v. Doe*, 484 U.S. 305, 326-7 (1988); *Covington v. Knox County Sch. Sys.*, 205 F. 3d 912, 917 (6th Cir. 2000).  Courts have held that if the relief available under the IDEA would be inadequate to address the party's claims, the party would not be required to exhaust administrative remedies before filing an action in the courts.  Moreover, if it would be futile for the party to go through the administrative process, a party may bypass the administrative process and go directly to court to seek redress of their IDEA claims.  The party seeking to bypass this requirement bears the burden of proving exhaustion would have been futile or inadequate.  *Honig* at 327.

Forest Hills has provided no argument that an exception to the exhaustion requirement exists in this case.  It has not and cannot prove that the administrative process would be inadequate or futile because the relief it seeks is exactly the type of relief available under the administrative process.  The SLRO level of review is specifically set up to address challenges to IHO decisions and findings such as those from which Forest Hills seeks relief.  Forest Hills just failed to timely appeal its issues to the SLRO and is now trying to rectify that failure by challenging the SLRO's decision not to review issues that were not properly before her.

One of the main purposes of the exhaustion requirement is to "discourage disregard of the [administrative] agency's procedures."  *A.S. v. Catawba County Bd. of Educ.*, No. 5:11CV27-RLV, 2011 U.S. Dist. LEXIS 87071, *12-13 (W.D.N.C. 2011).  Forest Hills did not file an appeal of the IHO's decision at the appropriate time as specified under the Ohio Administrative Code.  Forest Hills' failure to preserve the issue on appeal should preclude it from raising its

issues outside of the statutory timeline.  It should not be allowed to circumvent the finality of the IHO's decision by simply stating that it is now appealing the SLRO's decision to refuse to hear its late claims.  Allowing Forest Hills to do so would effectively nullify the essence of the IDEA exhaustion requirement.

### C. Regardless of the way Forest Hills characterized its current claims, its failure to exhaust requires dismissal.

Forest Hills argues that it does not matter that it did not raise the issue of compensatory education in a formal appeal to the SLRO because rather than appealing the finding of the IHO, it is appealing the SLRO's failure to independently review the record and find in its favor.  However, "if exhaustion is found to be required but not accomplished, the manner in which the legal question is characterized makes no difference in that any unexhausted issue would not be properly before this Court for judicial review."  *A.S. v. Catawba County Bd. of Educ.*, No. 5:11CV27-RLV, 2011 U.S. Dist. LEXIS 87071, *13-14 (W.D.N.C. 2011), *citing* Charles Alan Wright & Charles H. Koch, Jr., Federal Practice and Procedure § 8398 (1st ed. 2011)(Discussing administrative exhaustion as a corollary to the doctrine of ripeness).

Likewise, it does not matter whether the SLRO reviewed the entire record to reach a conclusion on Forest Hills' compensatory education claim because the SLRO could not rule on an issue that was not properly before her in the first place.  The circumstances in this case are similar to those in *B.H. v. W. Clermont Bd. of Educ.*, 788 F. Supp. 2d 682 (S.D. Ohio 2011).[1]  In *B.H*, the plaintiff claimed that because her IHO-awarded compensatory education was not appealed to the SLRO, she had obtained prevailing party status and an entitlement to attorney's fees on that portion of her claim.  *B.H.* at 702.  The court ruled that the SLRO could not affirm or

---

[1]  B.H. was issued on April 26, 2011, shortly after the Gibsons filed an original complaint requesting attorney's fees for issues they allege to have prevailed on against the IHO.  Doc. 1-2, May 19, 2011.

reverse the decision of the IHO regarding compensatory education because the district had not raised that issue on appeal, thus depriving the SLRO of jurisdiction on that issue. *Id.*

Forest Hills fails to recognize that the IDEA exhaustion requirement contemplates finality such that a party waives the right to appeal if not raised within the statutory timeline. *Moubry v. Indep. Sch. Dist. 696*, 9 F. Supp. 2d 1086, 1101 (D. Minn. 1998). In *Moubry*, the IHO had refused to hear the plaintiff's claims regarding speech therapy services because the issue was the subject of litigation pending in district court. *Moubry* at 1098. Instead of appealing the IHO's refusal to the SLRO, the plaintiff challenged the IHO's decision to admit evidence on the speech therapy services. *Id.* The plaintiff then filed another original complaint in the district court regarding, among other things, speech therapy services. *Id.* The *Moubry* Court applied administrative preclusion principles to the IDEA exhaustion requirement:

> Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires that as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made *at the time appropriate under its practice*.

*Id.* at 1099, *citing* Kenneth C. Davis, Administrative Law Treatise § 26:7 at 441 (2nd ed. 1983) (internal citations omitted)(emphasis added); *also citing*, *Coe v. Michigan Dep't of Educ.*, 693 F.2d 616, 618 (6th Cir. 1982) ("[W]hen seeking review of a state administrative decision under [the IDEA] , a party must raise every appropriate issue in the forum of his choice or be barred from later asserting the claim under the basic doctrine of res judicata."). *Moubry* explains that the IDEA prescribes its own rule of preclusion by stating that any decision by the IHO "shall be final," except that an aggrieved party may appeal the decision to the SLRO. *Moubry* at 1100; 20 U.S.C. § 1415(f)(1)(A). "At a minimum, the failure to raise, and preserve, an issue in the administrative process -- absent a demonstration that circumstances warrant a relaxation of the

exhaustion requirement -- renders the unappealed [I]HO decision 'final,' and constitutes a waiver of such an issue in a subsequent civil action."  *Moubry* at 1100; *see also*, *Coe* at 618.

**D.      The SLRO is only permitted to review and decide issues timely appealed pursuant to Ohio Admin. Code 3301:51-05(K)(14)(b).**

Forest Hills argues that the Gibsons' timely appeal of the decision of the IHO to the SLRO had the effect of raising on appeal all issues in the due process, even those which the Gibsons did not raise.  Forest Hills asserts that it was not required to appeal the IHO's findings and decisions to the SLRO because the SLRO is required under the IDEA to conduct an independent review of the entire record and make a decision as to whether the IHO's decision and findings were supported by the record.  While the SLRO is required to conduct an independent review of the record, they are not required to review claims that have not been raised on appeal.

Not only does the party aggrieved by the IHO decision have to provide notice to the opposing party within forty-five days of the IHO decision, Ohio Admin. Code 3301:51-05(K)(14)(b)(i)(*b*), the plain language of the rule is clear that the SLRO is to make an independent decision on completion of a review of only what was properly appealed.  "*If there is an appeal*, the Ohio department of education must conduct an impartial review *of the findings and decision appealed.*"  Ohio Admin. Code 3301:51-05(K)(14)(b)(ii) (emphasis added).[2]  The only issues from the IHO decision that were appealed were those made by the Gibsons in their appeal to the SLRO.  There is no back door remedy for a party who fails to follow the administrative appellate procedure.  Because Forest Hills failed to appeal the decision of the IHO, it lacks a remedy on the claims it brought before this Court and its arguments in support of its belated appeal must fail.

---

[2] The federal law states that the IHO "shall conduct an impartial review of the findings and decision appealed" and "make an independent decision upon completion of such review."  20 U.S.C. § 1415(g)(2).

**E.** **While federal courts must review IDEA claims using a modified de novo standard of review, the claims must have first been exhausted through the IDEA administrative process or fall within one of the narrow exceptions.**

Forest Hills filed its complaint in this Court as an appeal of the SLRO's refusal to review its challenges to the IHO's decision and findings, arguing that it was not required to exhaust to the SLRO in order for her to review the IHO decision and findings regarding compensatory math and reading and her finding that Forest Hills denied Chloe Gibson a free and appropriate public education ("FAPE"). Forest Hills relies on the established standard of modified de novo review in IDEA cases in support of this Court's jurisdiction over its claims. *See*, *e.g.*, *Burilovich ex rel. Burilovich v. Bd. of Educ. of Lincoln Consol. Schs.*, 208 F.3d 560, 565 (6th Cir. 2000). Defendants' reliance on a de novo standard of review is misplaced. The standard of review is only an issue once a party is properly before a court. Forest Hills' claims are not properly before this Court because it failed to exhaust its administrative remedies. As a result, the standard of review is not a determining factor here.

Courts do not connect the concept of de novo review and exhaustion in IDEA cases. Rather, circuits have alternately approached the failure of a plaintiff to exhaust administrative remedies in an IDEA case as either a condition precedent to filing the action in federal court, or as a lack of subject matter jurisdiction in federal courts. *Sagan v. Sumner County Bd. of Educ.*, 726 F. Supp. 2d 868, 871 (M.D. Tenn. 2010). There are a multitude of cases that have held that failure to exhaust administrative remedies, where statutorily required, deprives the federal court from subject matter jurisdiction over the case. *Cleveland Heights-Univ. Heights v. Boss*, 144 F.3d 391, 397 (6th Cir. 1998); *Yaw v. Van Buren Intermed. Sch. Dist.*, No. 4:01-CV-60, 2001 U.S. Dist. LEXIS 12929 (W.D. Mich. 2001); *Falzett v. Pocono Mountain Sch. Dist.*, 150 F. Supp. 2d 699 (M.D. Pa. 2001); *Blunt v. Lower Merion Sch. Dist.*, No. 07-3100, 2008 U.S. Dist. LEXIS 11918 (E.D. Pa. 2008); *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288

F.3d 478 (2nd Cir. 2002); *Cummings v. Dist. of Columbia*, 45 IDELR 159 (U.S.Dist D.C. 2006) (attached hereto as Exhibit C).  At least one court, while recognizing that many courts have held that failure to exhaust deprives the court of subject matter jurisdiction, noted an apparent move by the U.S. Supreme Court,  in a prisoner rights case,  to viewing failure to exhaust as a condition precedent to filing or as an affirmative defense.  *Sagan* at 872, *citing Jones v. Bock*, 549 U.S. 199, 212-13 (2007).  However, the distinction is largely academic, as courts have not found that raising the exhaustion issue as a Fed. R. Civ. Proc. 12(b)(1) motion bars the court from dismissing the unexhausted claims.  *Id.*, *citing B.H. v. Portage Pub. Sch. Bd. of Educ.*, No. 1:08-CV-293, 2009 U.S. Dist. LEXIS 7604, \*10-11 (W.D. Mich. 2009) (Court converted the defendant's Rule 12(b)(1) motion into a Rule 56 motion.);  *Doe v. Dublin City Sch. Dist.*, No. 2:09CV-738, 2010 U.S. Dist. LEXIS 34723, (S.D. Ohio 2010) (dismissing complaint under Fed. R. Civ. P. 12(b)(6) based upon plaintiffs' failure to exhaust remedies).  Further, although construing the exhaustion requirement as an affirmative defense would ordinarily shift the burden of proof to the defendant, the Sixth Circuit has clearly held that the "'burden … rests with the [plaintiff] to demonstrate the futility or inadequacy of administrative review.'"  *Sagan* at 872, *quoting Gean v. Hattaway*, 330 F.3d 758, 774 (6th Cir. 2003) (*quoting Honig v. Doe*, 484 U.S. 305, 327 (1988)).

Regardless of the manner in which the exhaustion issue is raised, courts in the Sixth Circuit have consistently found that if a party has failed to exhaust its administrative remedies under the IDEA, and that failure does not fall within one of the limited exceptions, those claims must be dismissed.  Forest Hills could have appealed the IHO's findings and decision to the SLRO.  It chose not to appeal the IHO's decision that it had denied Chloe Gibson a FAPE, and the IHO's order for compensatory educational services in the areas of reading and math.  The

Gibsons did not appeal the IHO's findings of a violation of FAPE in reading and math, or the award of compensatory educational services.  The IHO's decision was therefore final and Forest Hills' efforts to get around the finality of the decision after the time for appeal was past should not be upheld.

The Gibsons respectfully request that this Court dismiss Forest Hills' claims challenging the IHO's decision and findings regarding math, reading, and the compensatory educational services awarded to Chloe Gibson.

Respectfully submitted,

s/Virginia S. Wilson
Virginia S. Wilson (0040466)
Trial Attorney
Jason C. Boylan (0082409)
Ohio Legal Rights Service
50 West Broad Street, Suite 1400
Columbus, Ohio  43215
Phone:  (614) 466-7264
Facsimile:  (614) 644-1888
gwilson@olrs.state.oh.us
jboylan@olrs.state.oh.us

Attorneys for the Gibsons

11

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was electronically filed on December 20, 2011.  Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System.  Parties may access this filing through the Court's system.

s/Virginia S. Wilson
Virginia S. Wilson (0040466)