IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jim and Laurie Gibson, | : | |
| As next friend of Chloe Gibson, | : | |
| | : | Case No. 1:11-cv-329 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER GRANTING |
| Forest Hills Local School District, | | MOTION TO DISMISS |
| | : | |
| Board of Education | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the Motion to Dismiss (No. 1:11-cv-628, Doc. 2)[1] filed by Jim and Laurie Gibson, as the next friends to Chloe Gibson. The Gibsons contend that the Forest Hills Local School District Board of Education ("Forest Hills") failed to exhaust its administrative remedies prior to filing its Complaint/Notice of Appeal (No. 1:11-cv-628, Doc. 1), and therefore the claims therein are subject to dismissal. For the reasons that follow, the Court will **GRANT** the Motion to Dismiss.

## I.    BACKGROUND

The parties generally agree on the underlying facts. Chloe Gibson is an approximately twenty-year-old student with disabilities as defined by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*[2] The Gibsons are her parents and legal

---

[1]  The Court consolidated Case No. 1:11-cv-628 with this related case, Case No. 1:11-cv-329, on December 5, 2011 and ordered that future filings be made in this case.

[2] Chloe was twenty years old when the Gibsons filed their Complaint for Attorney Fees in Case No. 1:11-cv-329 on June 7, 2011. The Court does not know her birth date.

guardians.  Forest Hills, a board of education organized under the laws of Ohio, is required to

provide special education and related services to children with disabilities pursuant to Ohio

Revised Code Chapter 3323.  The Gibsons reside within the Forest Hills School District.

**A.      State Administrative Proceedings**

On December 14, 2009, the Gibsons filed a written request for a due process hearing

before the Ohio Department of Education pursuant to Ohio Administrative Code § 3301-51-05.

(No. 1:11-cv-628, Doc. 2-1.)  The due process hearing took place before an impartial hearing

officer ("IHO"), Tobie Braverman, over the course of twenty-six non-consecutive days from

May 3, 2010 through December 6, 2010.  On April 4, 2011, the IHO issued the IHO Decision in

which she determined in relevant part as follows:

- Forest Hills denied Chloe a free appropriate public education ("FAPE")
  for the two years preceding the request for due process because of
  deficiencies in her independent education plans ("IEPs").

- Forest Hills had to provide Chloe with compensatory education in reading
  and math to remediate the denial of FAPE.  Forest Hills also had to
  provide Chloe with IEP goals to increase her reading fluency and math
  skills.

- Chloe's placement in the Anderson High School multiple disabilities
  classroom was an appropriate least restrictive environment ("LRE").
  Placement in the Turpin High School life skills program was not an
  appropriate LRE for Chloe.

- The Gibsons were not denied participation in the IEP process for Chloe.

- The Gibsons "failed to present evidence to demonstrate the necessity for a
  behavior plan or need for a goal for transitions."

- Forest Hills had to provide Chloe with an IEP goal "to decrease prompt
  dependency in all aspects of her education."

- The Gibsons were not prevailing parties, despite the finding that Forest
  Hills had denied Chloe a FAPE in some areas, because, in simplified

2

> terms, "[t]hey bear some of the responsibility for [Forest Hills'] difficulty
> in creating an IEP and providing services to [Chloe]."

(No. 1:11-cv-628, Doc. 2-2 at 13, 16–17, 24–25.)

On or about May 19, 2011, the Gibsons filed a timely appeal of the IHO Decision to the

Ohio Department of Education. (No. 1:11-cv-628, Doc. 2-3.) Monica R. Bohlen was appointed

as the State Level Review Officer ("SLRO") to review the IHO's decision. Forest Hills did not

file a separate notice of appeal of the IHO Decision. Nonetheless, Forest Hills argued in its

briefs to the SLRO that "the IHO's finding that Forest Hills had failed to provide [Chloe] a free

appropriate public education . . . was not supported by the evidence." (No. 1:11-cv-628, Doc. 1

at 8–9.)[3] Forest Hills further argued that the SLRO should reverse the portion of the IHO

Decision requiring Forest Hills to remedy the denial of FAPE by providing Chloe with IEP goals

for, and compensatory education in, reading and math. (*Id.*)

The SLRO issued the SLRO Final Decision on August 15, 2011 affirming in part and

modifying in part the IHO Decision. (No. 1:11-cv-628, Doc. 2-5.) The SLRO determined that

Forest Hills had offered Chloe a FAPE during the relevant time period. (*Id.* at 3, 37–38.) The

SLRO also determined that the IHO had not erred in finding that the Gibsons were not prevailing

parties. (*Id.* at 35–36, 38.) However, the SLRO did not reverse the IHO's order requiring Forest

Hills to include specific reading and math goals in Chloe's future IEPs and requiring Forest Hills

to provide Chloe with compensatory education in reading and math. (*Id.* at 25.) The SLRO

stated in relevant part that "[Forest Hills] also disputes the factual findings and conclusions of

---

[3] Neither party submitted to the Court Forest Hills' brief to the SLRO from the state administrative appeal. However, the Gibsons do not challenge Forest Hills' allegation that it made this argument in their brief to the SLRO.

law in finding any violation of FAPE and in ordering any compensatory educational services, but [Forest Hills] chose not to appeal the IHO decision and, thus, these assertions will not be reviewed."  (*Id.*)

## B.     Federal Court Proceedings

The Gibsons filed a Complaint for Attorneys Fees (No. 1:11-cv-329, Doc. 3) on June 7, 2011, after the IHO Decision was issued, but before the SLRO Final Decision was issued.  The Gibsons assert that they are prevailing parties and are entitled to attorney fees pursuant to the IDEA, 20 U.S.C. § 1415(i)(3)(B)(i), despite the IHO and SLRO findings to the contrary.

Forest Hills initiated a separate suit by filing a Complaint/Notice of Appeal (No. 1:11-cv-628, Doc. 1) on September 13, 2011.  Forest Hills asserts that it is aggrieved by the SLRO Final Decision within the meaning of the IDEA, 20 U.S.C. § 1415(i)(2)(A).  Forest Hills seeks the Court to render an independent review of the evidence presented in the Ohio administrative proceedings, to hear additional evidence as warranted, and to make the following determinations in Forest Hills' favor:

> a.  The SLRO erred as a matter of law in failing to independently review the evidence related to the IHO's findings that the reading and math goals on [Chloe's] IEP's were deficient, and independently deciding whether the compensatory education in the areas of reading and math as ordered by the IHO are supported by the evidence.
>
> b.  The SLRO's decision that Forest Hills is required to provide [Chloe] 240 hours of compensatory education in the area of reading is contrary to law and contrary to the evidence.
>
> c.  The SLRO's decision that Forest Hills is required to provide [Chloe] 240 hours of compensatory education in the area of math is contrary to law and contrary to the evidence.
>
> d.  The SLRO's decision that Forest Hills is required to include in [Chloe's] IEP's the reading and math goals described in the IHO's decision is contrary to law and

4

contrary to the evidence.

(No. 1:11-cv-628, Doc. 1 at 10.)

The Gibsons responded by filing the pending Motion to Dismiss (No. 1:11-cv-628, Doc.

2).  The Gibsons assert that the Court lacks subject-matter jurisdiction over Forest Hills'

Complaint/Notice of Appeal because Forest Hills failed to its exhaust administrative remedies.

The Gibsons also have filed a Counterclaim (Case No. 1:11-cv-628, Doc. 3) against Forest Hills,

but that pleading and the Gibsons' claims therein are not relevant to the instant dispute.

## II.      THE APPLICABLE STANDARD OF LAW

The Gibsons move to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure based on a purported lack of subject-matter jurisdiction.  (No. 1:11-cv-628, Doc. 2 at

9.)  Forest Hills disputes that it failed to exhaust its administrative remedies, but it does not

challenge the Gibsons' assertion that a failure to exhaust administrative remedies deprives the

Court of subject-matter jurisdiction.  (No. 1:11-cv-628, Doc. 6.)

The Sixth Circuit has equated the exhaustion of administrative remedies to subject-

matter jurisdiction.  *Metropolitan Bd. of Public Educ. v. Guest*, 193 F.3d 457, 463 (6th Cir. 1999).

However, district courts in the Sixth Circuit have questioned in recent decisions whether the

failure to exhaust IDEA administrative remedies is an issue of subject-matter jurisdiction.  *See*

*e.g.*, *Holden v. Jensen*, No. 1:10–cv–697, 2011 WL 4036665, at *6 (W.D. Mich. Sept. 12, 2011);

*Sagan v. Sumner Cty. Bd. of Educ.*, 726 F. Supp. 2d 868, 871–72 (M.D. Tenn. 2010); *B.H. v.*

*Portage Pub. Sch. Bd. of Educ.,* No. 1:08-cv-293, 2009 WL 277051, at *3 (W.D. Mich. Feb. 2,

2009).  The courts in *Holden* and *B.H.* expressly determined that the failure to exhaust

administrative remedies is a condition precedent to filing suit and an affirmative defense, not an

issue of subject-matter jurisdiction. *Holden*, 2011 WL 4036665, at *6; *B.H.*, 2009 WL 277051, at *3. The courts based this conclusion on the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199 (2007), that the exhaustion requirement in the Prison Litigation Reform Act was an affirmative defense, not an issue of subject-matter jurisdiction. Likewise, the *Sagan* court dismissed the case before it for failure to exhaust administrative remedies pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, not Rule 12(b)(1). 726 F. Supp. 2d at 872, 891.

The outcome of a motion to dismiss for failure to exhaust administrative remedies is the same whether the motion is adjudicated pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction or Rule12(b)(6) for failure to state a claim upon which relief can be granted. Dismissal for failure to exhaust administrative remedies is without prejudice under either standard. *Ernst v. Rising,* 427 F.3d 351, 367 (6th Cir. 2005) (stating that dismissals for lack of subject-matter jurisdiction ordinarily are without prejudice); *Sagan*, 726 F. Supp. 2d at 891 (dismissing without prejudice pursuant to Rule 12(b)(6)). Likewise, the plaintiff must establish subject-matter jurisdiction under Rule 12(b)(1) or that it has exhausted its administrative remedies pursuant to Rule 12(b)(6). *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (on subject-matter jurisdiction); *Sagan*, 726 F. Supp. 2d at 872 (on exhaustion). Forest Hills is the plaintiff in Case No. 1:11-cv-628.

## III.    OVERVIEW OF THE IDEA

The Gibsons' arguments for dismissal are based on the administrative procedures set forth in the IDEA as well as the complementary procedures under Ohio law. The IDEA permits parents to present a complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public

education to such child" and to request an impartial due process hearing before the state educational agency or local educational agency designated by state law.  *See* 20 U.S.C. § 1415(b)(6) & (f).  Any party aggrieved by the findings and decision made in a hearing conducted by a local educational agency can appeal to the state educational agency for an "impartial review of the findings and decision" and "independent decision upon completion of such review."  20 U.S.C. § 1415(g).  Any party aggrieved by the findings and decision in a hearing conducted by the state educational agency can bring a civil action in federal district court.  20 U.S.C. § 1415(i)(2)(A).

In Ohio, the impartial due process hearing is held by an IHO.  *See* Ohio Rev. Code § 3323.05(G)(1)(c); Ohio Admin. Code § 3301-51-05(K)(10).  Any party aggrieved by the findings or decision of the IHO has forty-five days to appeal the decision to the Ohio Department of Education in a review conducted by the SLRO.  *See* Ohio Rev. Code § 3323.05(H); Ohio Admin. Code § 3301-51-05(K)(14)(b).  The notice of appeal must "set forth the order appealed and the grounds for the appeal."  Ohio Admin. Code § 3301-51-05(K)(14)(b)(i)(*a*).  The appealing party also must "notify the other party of the filing of the appeal."  Ohio Admin. Code § 3301-51-05(K)(14)(b)(i)(*b*).

The SLRO then must "conduct an impartial review of the findings and decision appealed."  Ohio Admin. Code § 3301-51-05(K)(14)(b)(ii).  Specifically, the SLRO must examine "the entire hearing record," take additional evidence if necessary, provide an opportunity for argument, and make "an independent decision on completion of the review."  Ohio Admin. Code § 3301-51-05(K)(14)(b)(iii).  The decision of the SLRO is final unless an appeal is brought to a state or federal district court.  *See* Ohio Admin. Code §§ 3301-51-

05(K)(14)(d) & (K)(17). A district court reviewing Ohio administrative proceedings must conduct a *de novo* review of the evidence but give "due weight" to the SLRO final decision. *Thomas v. Cincinnati Bd. of Educ.*, 918 F.2d 618, 624 (6th Cir. 1990) (citing *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206 (1982)). "According to this 'modified' de novo standard of review, a district court is required to make findings of fact based on a preponderance of the evidence contained in the complete record, while giving some deference to the fact findings of the administrative proceedings." *Knable ex rel. Knable v. Bexley City Sch. Dist.*, 238 F.3d 755, 764 (6th Cir. 2001).

## IV. ANALYSIS

The Gibsons argue that Forest Hills waived its rights and failed to exhaust administrative remedies when it failed to file a notice of appeal of the IHO Decision to the SLRO. Generally, claims not asserted before the SLRO are waived and subject to dismissal. *Children's Center for Dev. Enrichment v. Machle*, 612 F.3d 518, 522 (6th Cir. 2010). The Sixth Circuit has stated that "§ 1415(i)(2) [of the IDEA] clearly contemplates that plaintiffs will exhaust their administrative remedies before bringing a civil action to enforce their rights under the IDEA." *Covington v. Knox Cty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). "Requiring that parties exhaust administrative remedies in advance of judicial proceedings promotes: agency autonomy and efficiency; a better informed, complete, and accurate record; and judicial economy." *Horen v. Bd. of Educ. of Toledo City Sch. Dist.*, 568 F. Supp. 2d 850, 857 (N.D. Ohio 2008). Exhaustion of remedies pursuant to the IDEA also enables state education officials to apply their expertise and correct their own mistakes. *Donoho ex rel. Kemp v. Smith Cty. Bd. of Educ.*, 21 F. App'x 293, 296 (6th Cir. 2001). The Gibsons argue that Forest Hills waived its right to judicially

8

appeal the SLRO Final Decision upholding the requirement that Forest Hills provide Chloe with IEP goals for, and compensatory education in, reading and math because Forest Hills failed to appeal these issues to the SLRO.

Forest Hills argues in rebuttal that it did file a separate cross-appeal to the Ohio Department of Education because the duty for the SLRO to review the entire record and make an independent decision was triggered as soon as the Gibsons filed their notice of appeal. *See* Ohio Admin. Code § 3301-51-05(K)(14)(b)(ii) & (iii). Forest Hills points to the fact that Ohio law does not provide a separate provision for the filing of a cross-appeal. It contends that all of the findings in the IHO Decision were subject to review once either party filed a notice of appeal. Accordingly, it asserts that the SLRO had a duty to determine whether Forest Hills had to provide Chloe with IEP goals for, and compensatory education in, reading and math as part of the SLRO's duty to make an independent decision based on the administrative record. Of note, Forest Hills does not cite any caselaw supporting its contention.

The Court does not agree with Forest Hills interpretation of the IDEA and Ohio law. Ohio law need not expressly state that cross-appeals are permissible because the law authorizes "any aggrieved party" to file an administrative appeal. Ohio Admin. Code § 3301-51-05(K)(14). It is reasonable to anticipate that either or both parties participating in a due process hearing could be aggrieved by an IHO decision. The requirements to file the notice of appeal within forty-five days of the IHO decision, to set forth the grounds for the appeal, and to serve the notice on the opposing party, *id.*, all serve the purpose of timely defining for the SLRO and the opposing party the exact nature of the issues to be decided on the appeal. The SLRO then is able to build the administrative record, apply his or her expertise, and correct any perceived mistakes

9

by the IHO, all of which ultimately benefit the district court in its subsequent judicial review.
*See Donoho*, 21 F. App'x at 296 (explaining the administrative exhaustion requirement).  If
Forest Hills considered itself an aggrieved party because it disagreed with the portion of the IHO
Decision setting IEP goals and awarding compensatory education, it had to timely file a notice of
appeal setting forth these issues to the Ohio Department of Education.  Forest Hills' failure to
file the appeal amounted to a failure to exhaust administrative remedies and a waiver of these
issues.  *Machle*, 612 F.2d at 522.

The case of *Kristi H. ex rel. Virginia H. v. Tri-Valley Sch. Dist.*, 107 F. Supp. 2d 628
(M.D. Pa. 2000), is instructive.  In *Kristi H.*, the due process hearing officer considered whether
the school district had provided the disabled student with appropriate IEPs for the 1994–1995,
1995–1996, 1996–1997, 1997–1998, and 1998–1999 school years.  *Id.* at 630–32.  The hearing
officer determined that the IEPs for the 1997–1998 and 1998–1999 school years had been
inappropriate and awarded the student two years of compensatory education.  *Id.* at 630–31.  The
school district appealed to a state appeals board to have the award of compensatory education
reduced from two years to one.  *Id.*  The student's parent did not file an appeal.  *Id.* at 631.  The
appeals board found for the school district and reduced the award of compensatory education to
one year.  *Id.*

The student's parent then filed an appeal in federal district court.  *Id.*  She sought for the
student to receive a compensatory education for the 1994–1995, 1995–1996, and 1996–1997
school years, the three years prior to the due process hearing officer's award.  *Id.*  The legal issue
was whether judicial review of the 1994–1995, 1995–1996, and 1996–1997 school years was
authorized because the parent had not first appealed those issues to the state appeals board.  *Id.*

The parent argued that she satisfied the exhaustion of administrative remedies requirement because once the school district filed an appeal, the state appeals board was "required to make an independent review of the matters raised at the initial due process hearing." *Id.* at 632. The district court rejected the parent's argument, stating as follows:

> [I]f five school years are addressed by the due process officer and only two of those years are appealed, nothing in the law requires the Appeals Panel to address the years that were not appealed. That is, the Appeals Panel is not bound to address the three school years which were not appealed, and administrative remedies are not exhausted with respect to those years. Thus, we find plaintiff's argument to be without merit.

*Id.*

Forest Hills' argument in this case is indistinguishable in relevant part from the parent's argument rejected by the district court in *Kristi H.* In Chloe's state administrative proceedings, the IHO addressed multiple issues, including her LRE placement, the appropriateness of her IEPs and the need for compensatory education in reading and math, and the need for behavior plans and transition goals. The Gibsons appealed some issues to the SLRO, but Forest Hills did not appeal the issues related to the IEP goals for, and compensatory education in, reading and math. The SLRO was not required by the IDEA or Ohio law to address issues which were not appealed. The Court concludes that just as the parent in *Kristi H.* failed to exhaust her administrative remedies concerning the three school years, Forest Hills here failed to exhaust its administrative remedies regarding the IEP goals and compensatory education.

This Court, accordingly, will not consider the issues of whether Chloe was entitled to IEP goals for, and compensatory education in, reading and math.

## V.     CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Doc. 1:11-cv-628, Doc. 2) filed by Jim and Laurie Gibson, as the next friends to Chloe Gibson, hereby is **GRANTED**.

IT IS SO ORDERED.

    s/Susan J. Dlott            
Chief Judge Susan J. Dlott
United States District Court