IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Jim and Laurie Gibson, as next friends of Chloe Gibson, | : : : | |
| | : | Case No. 1:11-cv-329 |
| Plaintiffs, | : : | Judge Susan J. Dlott |
| v. | : : | |
| | : | Order Awarding in Part Supplemental |
| Forest Hills Local School District Board of Education, | : : | Motion for Attorney Fees |
| | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiffs' Supplemental Motion for Attorneys' Fees (Doc. 73). The Court previously issued an Order Granting Motion for Attorney Fees ("Attorney Fees Order") on July 15, 2014 awarding Plaintiffs Jim and Laurie Gibson, as prevailing parties, reasonable attorney fees in the amount of $300,000. (Doc. 67 at PageID 1408, 1420.) The Gibsons now seek the following supplemental attorney fees: (1) an award of $64,783 for the "fees for fees" award; (2) an award of $3,540.50 for time spent to obtain an order forcing Forest Hills to pay a transition services invoice; and (3) an award of $18,201.50 for time spent opposing a Motion to Stay. (Doc. 73-1 at PageID 1454–56.) For the reasons that follow, the Court will **GRANT IN PART** the Supplemental Motion for Attorneys' Fees and award supplemental attorney fees in the amount of **$27,641.25.**

**I.**

The procedural history of this case is well-known to the Court and to the parties. It need not be restated here. Instead, the Court will dive into the determination of the amount of supplemental attorney fees to which the Gibsons are entitled for each category of fees set forth above.

1

**A.	"Fees for Fees" Award**

The Gibsons seek supplemental attorney fees for the time spent litigating the initial fee award. Forest Hills strongly contested the Gibson's initial Motion for Attorney Fees. It challenged the hourly fee rates sought by the Gibsons' attorneys, the sufficiency and appropriateness of individual billing entries, and reasonableness of the total fee award sought. In the Attorney Fees Order, the Court concluded that Plaintiffs had achieved significant, if limited, success on behalf of Chloe. (*Id.* at PageID 1416, 1419–20.) The Court awarded reasonable attorney fees in the amount of $300,000, less than one-half the amount of the $800,000 award which the Plaintiffs had sought. (*Id.* at PageID 1419–20.)

The Gibsons now seek a "fees for fees" award in the amount of $64,783, the full amount they incurred in litigating the initial attorney fees issue. The Sixth Circuit has held that "a lawyer should receive a fee for preparing and successfully litigating the attorney fee case after the original case is over." *Coulter v. Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986). In an effort to discourage protracted litigation of an attorney fees case, the Sixth Circuit further has held that "[i]n the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case" should not exceed three percent of the hours of the main case if the case was resolved on paper and five percent of the hours of the main case if the case required a trial. *Id.*; *see also Northeast Ohio Coalition for Homeless v. Sec'y of Ohio*, 695 F.3d 563, 574 (6th Cir. 2012) (applying *Coulter*). Courts apply the *Coulter* rule by awarding "fees for fees" in the amount of three or five percent of the lodestar calculation or of the primary fees awarded. *Auto Alliance Int'l, Inc. v. U.S. Customs Serv.*, 155 F. App'x 226, 229 (6th Cir. 2005) (awarding three percent of lodestar); *Bank One, N.A. v. Echo Acceptance Corp.*, No. 04-cv-318, 2009 WL 973556, at *2 (S.D. Ohio Apr. 10, 2009) ("[A] practical rule of thumb has developed that the

supplemental award should be limited to three percent of the award for the main case when it is decided on the papers without a trial.").

The Gibsons assert that this case presents an exception in which the three- or five-percent fee cap should not be applied. Forest Hills disagrees. Forest Hills contends that the *Coulter* rule applies and that Plaintiffs should be awarded no more than three percent of the $300,000 fees awarded, or $9,000.

Ohio district courts have awarded supplemental fees awards in excess of the *Coulter* fee cap in IDEA cases. *Rist v. Hartford Life and Acc. Ins. Co.*, No. 1:05-cv-492, 2011 WL 6101633, at *8 (S.D. Ohio Nov. 14, 2011), *report and recommendation adopted*, 2011 WL 6086028 (Dec. 7, 2011); *Gross v. Perrysburg Exempted Village Sch. Dist.*, 306 F. Supp. 2d 726, 742 (N.D. Ohio 2004); *Moore v. Crestwood Loc. Sch. Dist.*, 804 F. Supp. 960, 969–70 (N.D. Ohio 1992). The *Gross* and *Rist* courts stated that an exception to the *Coulter* fee cap can be appropriate in IDEA cases if most of the attorneys' work in the case occurred at the administrative proceeding level and attorney fees must be obtained through new litigation. *Rist*, 2011 WL 6101633 at *8–9. The *Moore* court stated that an exception can be appropriate in an IDEA case if the school district takes a "less than moderate position" or acts to unnecessarily delay or protract the dispute. 804 F. Supp. at 970–72. Finally, the *Gross* court stated that a departure from the *Coulter* fee cap is fair in IDEA cases when the parents and child with disabilities has a difficult time finding competent counsel familiar with unique area of law. 306 F. Supp. 2d at 743.

Nonetheless, the Court will not depart from the *Coulter* rule in this IDEA case. First, the Gibsons requested and were awarded attorney fees for services their attorneys performed during the administrative hearing stage of this case. (Doc. 51-1 at PageID 1008; Doc. 67 at PageID 1409–10, 1419–20.) The Gibsons did have to initiate a federal action to obtain attorney fees, but

the primary thrust of the federal litigation was whether Forest Hills provided Chloe Gibson with a free appropriate public education. The federal litigation was substantive. The *Coulter* supplemental fee cap, therefore, does not disadvantage the Gibsons as IDEA plaintiffs in this case. Next, protracted fee litigation is not necessarily sufficient reason to avoid the *Coulter* cap on supplement fees. *See Auto Alliance Int'l*, 155 F. App'x at 229. This Court determined that both parties bear responsibility for the protracted nature of this litigation. (Doc. 67 at PageID 1417–18.) The *Moore* factor of awarding higher fees where the opponent caused protracted litigation or took a "less than moderate position" does not justify an exception to the *Coulter* cap here. Finally, the Gibsons have not established that an exception to *Coulter* should be applied here because they had a difficult time securing competent counsel.

The Court will apply the *Coulter* five-percent standard for cases that are resolved following a trial. The primary administrative hearing at the state level lasted more than twenty non-consecutive days during 2010. (Doc. 25 at PageID 705.) It involved the testimony of numerous witnesses, the presentation of volumes of documentary evidence, and the presentation of videotaped evidence. The parties then were encouraged to file unusually lengthy briefs at this level to educate the Court as to the requirements of the IDEA and the particulars of the parties' disputes. The Court will award Plaintiffs $15,000 ($300,000 × 5%) in supplemental attorney fees for the litigation of the initial attorney fees award.

**B.      Enforcing the Court's February 11, 2014 Order for Defendant to Pay the Invoice for a Transition Services Evaluation**

The Gibsons seek $3,540.50 in fees for the time their counsel expended obtaining the Order Granting Motion for Payment of Invoice for Transition Evaluation ("Invoice Payment Order"). Forest Hills does not contest the Gibsons' entitlement to these requested fees.

4

Accordingly, the Court will award the Gibsons $3,540.50 in attorney fees for services rendered to secure the Invoice Payment Order.

C.     **Opposition to Stay During Pendency of the Appeal**

Forest Hills filed its Motion to Stay on June 27, 2014. (Doc. 64.) The Gibsons seek attorney fees in the amount of $18,201.50 for services expended to oppose Forest Hills's Motion to Stay. The Gibsons' attorneys and paralegals spent 68.4 hours preparing its opposition brief to the Motion to Stay. (Doc. 73-1 at PageID 1455).

Forest Hills does not dispute that attorney fees can be awarded, but they argue that fees in the amount of $18,201.50 are excessive. Forest Hills does not challenge the hours on an entry-by-entry basis. Rather, it argues generally that the four-factor standard for issuing a stay was well-known and did not require hours of legal research. It also argues that the Gibsons' attorneys and paralegals billed an excessive amount of time on clerical work and on consultation with each other. Finally, it criticizes the Gibsons' attorneys for spending 17.6 hours of time on anticipatory research before it was served with Forest Hills's Motion to Stay. (Doc. 73-1 at PageID 1482–90.) Forest Hills suggests that the Court award the Gibsons $3,540.50 in fees for the opposition to the Motion to Stay, the same amount the Court will award the Gibsons for securing the Invoice Payment Order.

The Court ordinarily is loath to opine on the specific number of hours it reasonably should take to research and draft a particular legal brief. Nonetheless, the Court agrees that the hours spent by the Gibsons' counsel seem excessive in light of the particular facts surrounding the Motion to Stay. Forest Hills prepared a Motion to Stay which it now concedes had "virtually no likelihood" of success. (Doc. 64 at PageID 1365–66.) Forest Hills conceded the irreparable harm factor and made only cursory arguments about the harm to Chloe Gibson factor and the

5

public interest factor. In fact, Forest Hills cited no case law or other legal authority in support of its arguments for any of these three factors. Instead, Forest Hills focused its argument on the likelihood of success on the merits factor. Forest Hills argued that the Gibsons were unlikely to be successful on appeal because Court erred in finding that Forest Hills failed to adequately provide transition services to Chloe Gibson.

Little legal research was needed to oppose the Motion to Stay in these circumstances. The anticipatory research counsel performed before Forest Hills filed the Motion to Stay was not per se unreasonable. Forest Hills had informed the Gibsons of its intention to move for a stay at least as early as April 29, 2014. (Doc. 55 at PageID 1267.) Ultimately, however, the legal standards for the issuance of a stay were not contested. Nonetheless, given the significance of the transition services remedy to Chloe Gibson, it was reasonable for the Gibsons' attorneys to research when and why courts have granted stays in IDEA cases. Similarly, the substantive issue upon which Forest Hills based its likelihood of success argument was known to the parties, but reasonably required a legal refresher.

In the final analysis, the Court will not award almost seventy hours of legal fees for this effort. The Court has the authority to reduce the fees awarded to a reasonable amount. *See e.g.*, *Jarvis v. Mich. Bell Tel. Co.*, No. 08-12262, 2009 WL 1406400, at *4 (E.D. Mich. May 19, 2009) (reducing by almost one half the hours for which fees would be awarded on a motion to compel); *Deal v. Hamilton Cnty. Dep't of Educ.*, No. 1:01-CV-295, 2006 WL 2854463, at *17–18 (E.D. Tenn. Aug. 1, 2006) (reducing by one third the hours for which fees on a motion would be awarded), *aff'd sub nom. Deal v. Hamilton Cnty. Dep't of Educ.*, 258 F. App'x 863 (6th Cir. 2008); *Watkins & Son Pet Supplies v. Iams Co.*, 197 F. Supp. 2d 1030, 1033–34 (S.D. Ohio 2002) (awarding no time for services provided for by one attorney and reducing by more than

one half the hours for which fees would be awarded for a second attorney on a motion for sanctions). The Court, accordingly, will award fees for only one-half of the hours spent to oppose the Motion to Stay:

| ATTORNEY/PARALEGAL | RATE | HOURS REQESTED | HOURS AWARDED | FEE AWARDED |
|---|---|---|---|---|
| Attorney Kristin Hildebrant | $310 | .5 | .25 | $77.50 |
| Attorney Virginia Wilson | $310 | 50.5 | 25.25 | $7827.50 |
| Attorney Kerstin Sjoberg-Witt | $270 | .5 | .25 | $67.50 |
| Attorney Jason Boylan | $250 | 4.2 | 2.1 | $525.00 |
| Paralegal Laura Bordeau | $95 | 12.7 | 6.35 | $603.25 |
| TOTAL | | | | **$9,100.75** |

(Doc. 73-1 at PageID 1455.) The Court will award the Gibsons attorney fees in the amount of $9,100.75 for services performed to oppose the Motion to Stay.

**II.**

For the foregoing reasons, the Gibsons' Supplemental Motion for Attorneys' Fees (Doc. 73) will be **GRANTED IN PART**. The Court will award (1) $15,000 for a "fees on fees" award; (2) $3,540.50 to secure the Invoice Payment Order; and (3) $9,100.75 for time spent opposing the Motion to Stay. Accordingly, the Gibsons are awarded a total of **$27,641.25** in supplemental attorney fees.

IT IS SO ORDERED.

                                                        S/Susan J. Dlott_____
                                                        Judge Susan J. Dlott
                                                        United States District Court