IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **Jim and Laurie Gibson,** : | |
| as next friends of Chloe Gibson, : | Case No.: 1:11-CV-329 |
| : | |
| Plaintiffs/Appellees, Cross Appellants : | Chief Judge: Susan J. Dlott |
| : | |
| v. : | |
| : | |
| **Forest Hills Local School District** : | |
| **Board of Education,** : | |
| : | |
| Defendant/Appellant, Cross Appellee : | |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
FOR APPELLATE DECISION**

Pursuant to Fed. R. Civ. P. 54(d), S.D. Ohio Civ. R. 54.2, and 20 U.S.C. § 1415(i)(3)(B)(i)(I), Jim and Laurie Gibson, the parents of Chloe (collectively "the Gibsons"), move the Court for an award of attorneys' fees for time spent successfully defending Forest Hills Local School District Board of Education's ("Forest Hills") appeals and for their success in obtaining remand and review of the Court's prior award of fees.  The Gibsons respectfully request that the Court award them their reasonable fees for their success at the Sixth Circuit Court of Appeals in the amount of $136,900.  Disability Rights Ohio Fees Statement, attached as Exhibit 1; Kathleen Trafford Fees Invoice, attached as Exhibit 2.

As a prevailing party, the Gibsons are entitled to seek an award of appellate attorneys' fees under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1415 and Fed. R. Civ. P. 54(d).  A memorandum in support is attached and incorporated by reference.

                                                          Respectfully submitted,

                                                          /s/Virginia S. Wilson

Virginia S. Wilson (0040466)
vwilson@disabilityrightsohio.org
Trial Attorney
Disability Rights Ohio
50 West Broad Street, Suite 1400
Columbus, Ohio 43215
Telephone: (614) 466-7264
Facsimile: (614) 644-1888

Kathleen M. Trafford (0021753)
ktrafford@porterwright.com
Porter Wright Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
Telephone: (614)227-1915
Facsimile: (614) 227-2100

Counsel for Plaintiffs/Appellees, Cross Appellants

**MEMORANDUM IN SUPPORT**

**I.    BACKGROUND**

The extensive procedural history of this case prior to the appeal in the Sixth Circuit Court of Appeals ("Sixth Circuit") is well known to the Court and a detailed review of the history was included in the Gibsons' previous Plaintiffs' Motion for Attorneys' Fees.  Doc. 51 at 3-9.  A brief review of the relevant procedural history preceding the current Plaintiffs' Motion for Attorneys' Fees For Appellate Decision follows.

The Gibsons filed for an administrative due process hearing on December 14, 2009 pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA") and 20 U.S.C. § 1400 *et seq*.  They were successful in obtaining a ruling that Forest Hills denied their daughter, Chloe, a free and appropriate public education ("FAPE") based on the insufficiency of her individualized education program ("IEP") goals.  As a result of this finding of a denial of FAPE, the impartial hearing officer ("IHO") awarded Chloe significant compensatory and prospective relief.  The Gibsons appealed other claims on which they did not prevail to the State Level Review Officer ("SLRO") as required by Ohio's IDEA regulations.

Neither party appealed the IHO's findings and decision that Forest Hills denied Chloe a FAPE or the remedies ordered for that denial.  Under Ohio law, claims that are not appealed to the SLRO become final.  Ohio Admin. Code 3301- 51-05(K)(14).  Once the time for appeal to the SLRO on the FAPE issue had passed, the Gibsons filed a complaint for attorneys' fees in this Court for their success in the IHO hearing.  Doc. 1-2; Doc 3.  The SLRO denied all of the issues the Gibsons raised on appeal and refused to hear Forest Hills' claims because Forest Hills had not appealed those claims to the SLRO.

Forest Hills then filed a complaint in this Court seeking review of the SLRO's refusal to hear its challenges to the IHO's decision and orders for relief.  S.D., 1:11-cv-628, Doc.1.  The

Gibsons cross appealed some of the issues they lost at the SLRO review, including their claim that Forest Hills failed to provide the necessary transition assessments and services, and filed a motion to dismiss Forest Hills' claims due its failure to exhaust its administrative remedies. S.D., 1:11-cv-628, Doc. 3. This Court consolidated Forest Hills' complaint with the Gibsons' cross claim and fees complaint and granted the Gibsons' motion to dismiss Forest Hills' claims for failure to exhaust. S.D., 1:11-cv-628, Docs. 17 and 20. The Court then ruled on the Gibsons' claims and found that Forest Hills had denied Chloe a FAPE by failing to provide appropriate transition assessments and services and awarded substantial compensatory transition services to remedy that denial. Doc. 35; Doc 49.

Forest Hills appealed to the Sixth Circuit to challenge the District Court's decision to dismiss its claims for failure to exhaust as well as the Court's findings and orders of relief for the denial of FAPE related to transition services. Doc. 63.

The Gibsons subsequently filed Plaintiffs' Motion for Attorneys' Fees and were awarded a total of $300,000. Doc. 67. Forest Hills appealed the fee award for the stated purpose of "preserv[ing] the issue of whether Plaintiffs are the prevailing party" entitled to such fees pending a decision on Forest Hills' appeal. Doc. 71. The Gibsons cross appealed this Court's decision to award fees substantially reduced from the lodestar amount requested. Doc. 72.

Thereafter, the Gibsons filed Plaintiffs' Supplemental Motion for Attorneys' Fees for work on the fee request and their success on other post judgment motions, i.e. opposing Forest Hills' Motion for Stay Pending Appeal, and obtaining relief pursuant to Plaintiffs' Motion for Payment of Invoice for Transition Evaluation, awarded by the Court. Doc. 73. This Court awarded the Gibsons an additional $27,641.25 in attorneys' fees. Doc. 83. Of this award, $15,000 was for time spent on the Gibsons' fees request. *Id.* at 4. The Gibsons timely appealed

the Court's supplemental fee award arguing that the Court should not have applied the *Coulter* rule to limit their fees on fees award.  Doc. 84.

In the Sixth Circuit, the parties participated in two separate court ordered mediations in an effort to resolve their disputes, but were unable to come to agreement.  On July 15, 2016, the Sixth Circuit issued its decision affirming this Court's dismissal of Forest Hills' claims for failure to exhaust and its determination that Forest Hills denied Chloe a FAPE by not providing appropriate transition assessments and services.  6th Cir., 14-3575, Doc. 71-2.

The Sixth Circuit also agreed with the Gibsons' claim that the reasons for significantly reducing the Gibsons' fees by 62.5% were not evident in this Court's order, vacated the original fee award, and remanded the fee issue to this Court for clarification and review.  *Id.* at Page 33.  The Court also vacated and remanded the Supplemental Fee award because the "fees-on-fees award was calculated as a percentage of the fee award."  *Id.*

Until recently, courts in the Sixth Circuit followed the *Coulter* Rule, which generally limited awards of a prevailing parties "fees on fees" to a small percentage of the fees awarded in the main case. [1]  The Sixth Circuit recently, however, "abrogate[d] the *Coulter* 3% cap on fees for fees because the rule is inconsistent with intervening Supreme Court authority."  *The Ne. Ohio Coal. for the Homeless v. Husted*, No. 14-4083, 2016 WL 4073489, at *1 (6th Cir. Aug. 1, 2016).

Plaintiffs' Motion for Attorneys' Fees for Appellate Decision is being filed by the Gibsons at this time as prevailing parties to comply with the civil rules for timely seeking attorney fees.  Fed. R. Civ. P. 54(d); S.D. Ohio Civ. R. 54.2.  The Gibsons recognize that this Court may require additional briefing of the issues remanded by the Sixth Circuit, consolidate all

---

[1] *Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986).

3

outstanding matters, or ask that the parties participate in efforts to resolve the fee issues through court mediation.

## II. LAW AND ARGUMENTS

### A. The Gibsons are the prevailing party and entitled to attorneys' fees on the issues appealed to the Sixth Circuit.

The IDEA allows a Court, in its discretion, to award reasonable attorneys' fees "[i]n any action or proceeding brought under this section as part of the costs-- . . . (I) to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). As a result of their success in the Sixth Circuit, the Gibsons are prevailing parties and may properly be awarded attorneys' fees for time spent successfully defending Forest Hills' appeals and for time spent on their cross appeal of the significant decrease of their reasonable fees in the Court's award. *Dowling v. Litton Loan Servicing LP,* 320 Fed.Appx. 442, 450 (2009) (quoting *Riley v. Kurtz,* 361 F.3d 906, 915 (6th Cir. 2004)) ("Where a statute provides for an award of attorney's fees to a prevailing party, reasonable appellate fees may also be awarded to the prevailing party.") (internal quotation marks and brackets omitted).

The Sixth Circuit affirmed the denials of FAPE to Chloe, both the original denial as found at the administrative level and this Court's subsequent finding, and validated her right to the substantial compensatory services she received as a result of this litigation. 6th Cir., 14-3575, Doc. 71-2. The Sixth Circuit also vacated the fee awards and remanded the fee issue to this Court for review and reconsideration of its prior order including the fees on fees. As a result, the Gibsons are the prevailing party entitled to seek reasonable fees for their success on the appeals and cross appeals.

4

      **1.**      **The Gibsons successfully defended against Forest Hills' efforts to seek reversal of the 2011 IHO's decision and its claims related to failure to exhaust administrative remedies.**

Forest Hills appealed this Court's dismissal of its claims that the IHO's findings and orders were in error based upon Forest Hills' failure to exhaust its administrative remedies, raising the same arguments this Court found unpersuasive. Doc. 63. Forest Hills argued that it had, in effect, exhausted its remedies because the evidence for the Forest Hills' claims were fully litigated in the due process hearing. 6th Cir., 14-3573, Doc. 31, Page 37; 6th Cir., 14-3573, Doc. 48-1, Page 15. Forest Hills contended it was not required to formally appeal the IHO's decision to the SLRO because the IDEA and implementing state regulations require an independent review of the entire record including review of any issues litigated at the impartial due process hearing, whether appealed or not. 6th Cir., 14-3573, Doc. 48-1, Pages 18-20.

Forest Hills specifically asked the Sixth Circuit to independently review and reverse the IHO's findings and decision that Forest Hills denied Chloe Gibson a FAPE based upon her inadequate IEPs. 6th Cir., 14-3573, Doc. 31, Page 53.[2] To support its position, Forest Hills included over 800 pages of the administrative record in its appendix, much of it related to Chloe's educational services and her disability. 6th Cir., 14-3573, Docs. 31-01 through 31-16. In order to effectively respond to these arguments, the Gibsons not only had to explain the inaccuracies in Forest Hills' interpretation of the statutes and case law as to the need for exhaustion and the statutory standards of review under the IDEA, but also had to counter Forest Hills' arguments that Chloe was actually provided a FAPE through her IEPs, an issue that had already been finalized when the IHO's decision was not appealed to the SLRO. 6th Cir., 14-3573, Docs. 35 through 40. The Gibsons also had to address Forest Hills' continued efforts to

---

[2] Since the compensatory services ordered by the IHO to remedy this denial had already been provided to Chloe, Forest Hills' continued challenge to the 2011 IHO decision was apparently an effort to decrease or avoid having to pay the attorneys' fees awarded by this Court for the IHO's decision in the Gibsons' favor.

5

portray Chloe as someone who had very limited potential.  6th Cir., 14-3575, Doc. 29, Pages 19-26.  The response required the Gibsons to ensure that the relevant evidence refuting Forest Hills' arguments on these issues and evidence showing Chloe's abilities were addressed in their briefs and included in their appendix.  6th Cir., 14-3573, Docs. 35-40.

Despite Forest Hills' vigorous efforts to re-litigate the denial of FAPE finding by the IHO, the Sixth Circuit agreed with the Gibsons' position regarding the need to exhaust all administrative remedies and affirmed this Court's decision to dismiss Forest Hills' challenges to the IHO's findings of denial of FAPE, leaving the Gibsons as prevailing parties on this issue.  6th Cir., 14-3573, Doc. 71-2.  Consequently, the Gibsons are entitled to the attorneys' fees requested here.

> **2. The Gibsons were successful in upholding the District Court's decision that Forest Hills denied Chloe a FAPE by not providing appropriate transition assessments and services.**

Forest Hills also appealed this Court's finding that it denied Chloe a FAPE by not following the procedural requirements related to the provision of transition services thereby denying Chloe important educational opportunities.  The Gibsons were successful in maintaining the ruling that Forests Hills denied Chloe a FAPE in transition and preserving her entitlement to compensatory services to remedy the loss of educational opportunities resulting from Forest Hills' procedural violations.

Forest Hills argued that it had followed the procedures regarding transition planning, challenged this Court's level of deference to the administrative rulings and challenged this Court's application of the transition requirements to Chloe in light of her multiple disabilities.  Forest Hills sought reversal of this Court's findings of the procedural violations, challenged the Court's interpretation of the transition requirements under IDEA and disputed this Court's finding that these procedural violations resulted in lost educational opportunities for Chloe.

6

In response to the various arguments made in Forest Hills' briefs, the Gibsons had to identify and provide the appellate court specific testimony and evidence in the record refuting Forest Hills' claims regarding Chloe's abilities and potential, the school's lack of transition planning and lack of assessment of Chloe's transition needs, preferences and interests, and evidence that Chloe was denied needed opportunities because of Forest Hills' violations. The Gibsons argued and provided evidence in the record that Forest Hills could have taken steps to determine Chloe's preferences and interests and given her more opportunities to explore different types of jobs in the community, but did not do so because the district's staff and administrators unilaterally determined, without corroborating assessment, that she would never be able to work because of her disabilities. 6th Cir., 14-3573, Docs. 35 through 40.

The Sixth Circuit affirmed this Court's findings that

> Forest Hills did not conduct age-appropriate transition assessments of Chloe in a timely fashion, leaving Forest Hills unable to create measurable postsecondary goals for Chloe. The IEP goals that Forest Hills did design appear to have foreclosed the possibility that Chloe would undertake any postsecondary employment, and said little about Chloe's postsecondary education or training.

6th Cir., 14-3575, Doc. 71-2, Page 26

Because Forest Hills continued to focus on Chloe's limitations in its efforts to support its failure to follow the transition procedures, the Gibsons had to provide the Sixth Circuit with evidence in the record that Chloe could be successful in learning vocational tasks if given proper supports and experiences and evidence to show that she lost important educational opportunities because of Forest Hills' violations. The Sixth Circuit agreed, holding "[a]fter independently reviewing the record, we agree with the district court that Forest Hills's [sic] failure to consider Chloe's transition-related preferences or conduct age-appropriate transition assessments resulted

7

in a loss of educational opportunity that denied Chloe a FAPE." *Id.,* Page 27. The Court explained further

> We have held that a 'loss of educational opportunity' is a denial of a FAPE. Though we have not previously confronted the 'harmlessness' of a failure to fully consider a child's transition preferences or conduct age-appropriate transition assessments, we struggle to see how ignoring the possibility that Chloe could be capable of work in a supported setting did not result in a 'loss of educational opportunity,' and other courts have found substantive harm on similar facts.

*Id.,* Page 28 (citations omitted).

The Sixth Circuit's decision that Forest Hills denied Chloe important educational opportunities by not following the required procedures for transition is a significant success for the Gibsons and because this was a question of first impression in the Sixth Circuit, a significant ruling for all students with disabilities.

Throughout the litigation, Forest Hills focused on Chloe's limitations to deny her opportunities to explore vocational interests and develop employability skills in community settings. Forest Hills made many assumptions about Chloe's potential, her abilities and future independence based on preconceived, unsupported notions about her disabilities. Because it believed Chloe was unable to ever work in the community, Forest Hills preemptively denied her the transition services and opportunities she needed to figure out what she wanted for her future and denied her the experiences she needed to reach her post-secondary goals.

The Sixth Circuit affirmation of Chloe's right to appropriate transition planning and services and her right to compensatory services affirms the Gibsons' status as the prevailing party and entitles them to the attorneys' fees requested in this motion.

### 3. The Gibsons pursued and were successful in obtaining an important, decision in a case of first impression.

This case resulted in a decision of first impression in the Sixth Circuit as to the importance of timely assessment of each student's needs, preferences, and interests in all areas of transition and using those unique interests to develop measurable post-secondary goals. *Id*. The Sixth Circuit's decision made clear that "once a child has reached the age of sixteen, the child's IEP Team must use her transition-related preferences to devise a transition plan." *Id.*, Pages 23-24. The Sixth Circuit went even further stating, "[i]gnoring a student's transition-related preferences not only demeans the individual whose future is likely to be shaped by transition planning, but also reduces the likelihood that an IEP Team will design an optimal transition program for a child with a disability." *Id.*, Page 21 (citations omitted).

The decision is significant because children with multiple disabilities and greater communication difficulties are often not provided the same opportunities to meaningfully participate in planning for their future. But, as noted in the *Amici Curiae* brief, "…multiple studies show that involving students, including those with more severe disabilities, in setting their transition goals yields both better goals and better outcomes." 6th Cir., 14-3575, Doc. 45, Page 27. The decision of the Sixth Circuit makes clear that school districts need to provide sufficient transition assessments in all areas of transition to ensure the students' preferences and interests are meaningfully incorporated in their transition plans. The Sixth Circuit also recognized that more comprehensive assessment and opportunities for community based experiences might be necessary where a student has difficulty understanding and expressing his or her interests and preferences in employment and other areas of transition. 6th Cir., 14-3575, Doc. 71-2, Pages 22-23.

9

Finally, the Sixth Circuit's decision is significant in its recognition that planning and providing opportunities needed to move students with disabilities towards self-sufficiency is an important and required part of FAPE for transition age students.  The Court affirmed that schools must plan ahead for students with disabilities to help the student meet their goals for life after graduation and that it is not sufficient to just focus on short term goals.  ("But Chloe's progress at Forest Hills does not negate the possibility that adherence to IDEA procedures would have enabled Forest Hills to design a work-oriented educational plan that would have allowed Chloe to be more self-sufficient than she was at the time of the due-process complaint.  For this reason, we agree with the district court that Forest Hills denied Chloe a FAPE.") *Id.*, Pages 29-30; *See also Id.*, Pages 27-28.

While the requirements for transition are spelled out in the IDEA and Ohio's regulations, some courts that have taken the position that violations of the transition requirements are simply minor technical violations.  The Sixth Circuit decision provides a strong statement that individualized and inclusive transition planning is vital to ensuring that students with disabilities are able to successfully transition to adulthood.

### 4. **The Gibsons maintained their status as prevailing parties and obtained a remand for reconsideration of this Court's significant decrease in amount of attorneys' fees awarded.**

In addition to maintaining their status as prevailing parties, the Gibsons were successful in obtaining remand and reconsideration of the attorneys' fees awarded for their success at the administrative and district court level of review.  Based upon this success, the Gibsons are entitled to an award of reasonable fees associated with Forest Hills' appeal of the Gibsons' right to fees and on the Gibsons' success in their cross appeal.

The Gibsons have achieved excellent results on the issues appealed to the Sixth Circuit and should therefore receive fully compensable fees for their efforts.

### B. The Gibsons' fee request is reasonable.

Once a court determines a party is entitled to fees, it must then determine whether the fees requested are "reasonable". *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)) (quotation marks omitted). A reasonable award is calculated based on "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). There is "a strong presumption that the lodestar" amount is "a reasonable fee" to be awarded to prevailing parties. *Blanchard v. Bergeron,* 489 U.S. 87, 95 (1989) (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)) (quotation marks omitted); *see also Women's Med. Prof'l Corp. v. Baird,* No. 2:03 CV 162, 2003 WL 23777732, at *1 (S.D. Ohio, Dec. 15, 2003). Additionally, the Sixth Circuit has stated, " . . . a reduction in attorney fees awarded to a prevailing plaintiff is to be applied only in rare and exceptional cases where specific evidence in the record requires it." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013) (quoting *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir.2005) (quotation marks and brackets omitted).

### 1. The Gibsons' attorneys' rates are reasonable.

To determine a "reasonable hourly rate," courts look to "the prevailing market rate, defined as the rate that lawyers with comparable skill and experience can reasonably expect to command within the venue of the court of record." *Ne. Coal. for the Homeless v. Brunner,* No. 2:06-CV-896, 2010 WL 4939946, at *7 (S.D. Ohio Nov. 30, 2010) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)) (quotation marks omitted); ("In determining the reasonable rate, the Court has the discretionary authority to consider a party's submissions, awards in analogous cases, and its own knowledge and experience from handling similar requests for fees.'" *Ne. Coal*, 2010 WL 4939946, at *7) (citing *Project Vote v. Blackwell*, No. 1:06-CV-

11

1628, 2009 WL 917737, at*5 (N.D. Ohio, Mar. 31, 2009)) (internal citations omitted); *see also*, 20 U.S.C. § 1415(i)(3)(C).

Disability Rights Ohio ("DRO") properly assigned attorneys with the expertise and experience necessary and appropriately delegated tasks to ensure efficient representation and a good outcome, and co-counseled with experienced appellate counsel for the appeal. Trial Attorney Virginia Wilson and co-counsel Kathleen Trafford were primarily responsible for the appeal.

Ms. Wilson served as trial attorney and has practiced almost exclusively in the area of Special Education law for 13 years and has a billing rate of $310. Declaration of Virginia S. Wilson, Attorney at Law; attached as Exhibit 3. Supervising Attorney Kristin Hildebrant, with 27 years of litigation experience, provided oversight, guidance and strategy input at a billing rate of $325. Declaration of Kristin Hildebrant, Esq.; attached as Exhibit 4. Director of Advocacy and Assistant Executive Director Kerstin Sjoberg-Witt also provided guidance on strategy and input on significant pleadings, at a billing rate of $270. Declaration of Kerstin Sjoberg-Witt, Esq.; attached as Exhibit 5. Work by the DRO attorneys was capably supported by paralegal Christine Retherford, who bills at a rate of $95 per hour. *Id*. Her involvement contributed to effective presentation and organization of the claims without unnecessarily utilizing experienced, and more costly, attorneys to perform these tasks.

In their original motion for fees, the Gibsons presented specific evidence to the Court to support the rates for DRO attorneys and paralegals and these arguments and supporting documentation are incorporated herein. Doc. 51 at 11-15; Doc. 51-1 through 51-10. Based upon this and this Court's own knowledge and experience and comparison with "the Rubin Committee rates, an attorney fees rubric developed in 1983," this Court determined that "the hourly rates

sought by Disability Rights Ohio attorneys and paralegals are reasonable." Doc. 67 at 11,13. As these rates have not changed since the Motion For Attorneys' Fees was filed in 2014, (Doc. 51), the Gibsons' DRO attorney and paralegal rates remain reasonable.

For the appeal to the Sixth Circuit, the Gibsons were also represented by Kathleen Trafford, a partner at Porter Wright, Morris & Arthur LLP. Ms. Trafford has 35 years of experience in federal court litigation and appellate practice and for this matter has billed her time at a reduced hourly rate of $450. In a prior case pending in the Southern District of Ohio, Eastern Division, the district court approved an hourly rate for Kathleen Trafford's time of $445 per hour and the Sixth Circuit approved the district court's fee shifting award. *See Ne. Ohio Coal. for Homeless v. Husted*, No. 2:06-CV-00896, 2014 WL 4829597, at *16 (S.D. Ohio Sept. 29, 2014), *aff'd*, *The Ne. Ohio Coal. for the Homeless v. Husted*, No. 14-4083, 2016 WL 4073489, at *20 (6th Cir. Aug. 1, 2016). The award was for legal work performed in 2012 for that matter. Declaration by Kathleen M. Trafford, attached as Exhibit 6.

Together, the attorneys and paralegal representing the Gibsons in the appeals and cross appeals to the Sixth Circuit combined as a fully competent and experienced team that achieved a highly favorable outcome for the Gibsons. For these reasons, this Court should find the Gibsons' counsel and paralegal rates are reasonable.

### 2. The amount of time spent on the appeal and cross appeals was reasonable.

The Gibsons are requesting their reasonable attorney fees and costs for their success on the appeals and cross appeals in the amount of $136,900. Contemporaneously created time records by DRO attorneys and paralegal are attached. Exhibit 1. Contemporaneously created time records by Kathleen Trafford are attached. Exhibit 2. Because the Gibsons obtained excellent success in this appeal, they should be awarded the full compensatory and reasonable

13

fees requested. *Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").

The Gibsons have adequately satisfied their burden of submitting with this petition detailed contemporaneously kept time entries reflecting the work done by all attorneys and paralegals in the appeal and cross appeals. The billing records identify the work done with sufficient detail to ensure that the lodestar has been reasonably calculated. These contemporaneously created time entries include the time reasonably expended on this case after review for accuracy and consistency among timekeepers, and after the exercise of appropriate billing judgment, to exclude time that is excessive, unnecessary or duplicative, to exclude work on clearly unsuccessful or unrelated claims, and reducing time for travel to fifty percent.

DRO counsel reviewed billing records from the date of appeal June 17, 2014 to July 28, 2016 in preparation for this fee petition. Because multiple matters were litigated in the case during that time frame, counsel's records included time for activities unrelated to the appeal and cross appeals in the Sixth Circuit. Time for these unrelated or ancillary activities and excessive, unnecessary, and duplicative time has been excluded from this request. Specifically, billing judgment was exercised to exclude: (1) 10 timekeepers who billed minimal time to this matter and/or whose time potentially represents duplicative efforts; (2) all time related to ancillary matters; and (3) any timekeeping that was deemed excessive, clerical, or duplicative, and time for work on clearly unsuccessful or unrelated claims. As a result, the Gibsons voluntary eliminated approximately $159,265 from their fee request for that time period.

The resulting $136,900 represents a reasonable fee to compensate the Gibsons for their success in defending Forest Hills' appeals and in litigating the cross appeals in this case.

### III. CONCLUSION

For the reasons stated above, the Gibsons respectfully request the Court award them their reasonable attorneys' fees and costs in the amount of $136,900.

Respectfully submitted,

/s/Virginia S. Wilson
Virginia S. Wilson (0040466)
vwilson@disabilityrightsohio.org
Trial Attorney
Disability Rights Ohio
50 West Broad Street, Suite 1400
Columbus, Ohio 43215
Telephone: (614) 466-7264
Facsimile: (614) 644-1888

Kathleen M. Trafford (0021753)
ktrafford@porterwright.com
Porter Wright Morris & Arthur LLP
41 South High Street
Columbus, Ohio 43215
Telephone: (614)227-1915
Facsimile: (614) 227-2100

Counsel for Plaintiffs/Appellees, Cross Appellants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Plaintiffs' Motion for Attorneys' Fees For Appellate Decision was filed electronically on August 29, 2016.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

/s/Virginia S. Wilson
Virginia S. Wilson (0040466)